In re Kenneth R. WAY, Debtor.

Paul F. Eisinger, Esq.; Bob L. Olson, Esq.; Donald Polednak, Esq., Appellants,

v.

Kenneth R. Way; and Alan J. LeFebvre, Esq., Appellees.

BAP Nos. NV–97–1905–RPMe, NV–97–1916–RPMe, NV–97–1948–RPMe. Bankruptcy No. 97–23024–LBR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Dec. 10, 1998.

Decided Dec. 16, 1998.

Gavin C. Jangard, Paul F. Eisinger, Thorndal, Armstrong, Delk, Balkenbush & Eisinger, Las Vegas, NV, for Paul F. Eisinger.

Candace C. Carlyon, Las Vegas, NV, for Bob L. Olson.

Jeffrey R. Sylvester, Las Vegas, NV, for Donald Polednak.

Before: RUSSELL, PERRIS, and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge.

The bankruptcy court sanctioned three attorneys for violating the automatic stay provisions of § 362 [1] by obtaining dismissal postpetition of the *pro se* debtor's prepetition state court complaint against their clients. The attorneys [2] appeal. We REVERSE.

## I. FACTS

The material facts are not in dispute.[3] In March 1997, appellee Kenneth R. Way filed a complaint in *propria persona* in the District Court of Clark County, Nevada, for damages against numerous defendants. Appellant/attorney Paul F. Eisinger [4] represented defendant Western Surety Company; appellant/attorney Bob L. Olson [5] represented defendants Phyllis and William Derasmo, Kozal's Mortgage, and Thomas Kozal; and appellant/attorney Donald Polednak [6] represented defendants Carroll Gagnier and Nevada Trust Deed Services, Inc. The defendants filed answers to the complaint which included requests for attorneys' fees and costs.

On April 9, 1997, Olson filed a Motion to Dismiss or, Alternatively, Motion for Summary Judgment ("motion to dismiss") on his clients' behalf. Eisinger filed a joinder on Western Surety's behalf on April 22, 1997, which included a request for attorneys' fees and costs for defending a frivolous complaint. Polednak also filed a joinder on his clients'

behalf. The hearing on the motion was set for May 6, 1997.

On April 28, 1997, Way (hereinafter the "debtor") filed a voluntary chapter 13 petition. On May 2, 1997, the debtor faxed a letter to Olson, advising him of the bankruptcy filing and asserting that the automatic stay precluded any further proceedings in the state court action. On May 5, 1997, Olson filed supplemental points and authorities in support of the motion to dismiss, countering the debtor's contention regarding the effect of the automatic stay.

At an initial hearing on the motion to dismiss on May 6, 1997, the state court considered the issue of the automatic stay, and concluded that it did not prevent the state court from ruling on the motion. The court continued the hearing to allow the debtor to file a written opposition. The debtor did so on May 13, 1997. Eisinger and Olson filed replies.

The state court held a continued hearing on the motion on May 22, 1997. In August 1997, the state court entered an order granting the motion and all joinders therein, and dismissing the complaint with prejudice in its entirety against the moving defendants. The order did not mention the automatic stay, and did not award any attorneys' fees or costs.

In October 1997, the debtor filed a Motion for Order of Contempt or Certification of Contempt; Continuation of Action in Violation of Automatic Stay; Remove State Court Action to Bankruptcy Court and Reverse Summary Judgment; Notice of Motion and for Sanctions ("contempt motion") in the bankruptcy court. The contempt motion contended that Eisinger, Olson, Polednak, and attorney Alan F. LeFebvre willfully vio-

---

**1.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**2.** Each attorney filed a separate appeal. The three related appeals were set for oral argument on the same date. One Opinion has been prepared for all three appeals.

**3.** Appellee/debtor Kenneth R. Way failed to file a timely brief in any of the three appeals. The Bankruptcy Appellate Panel entered an order on

October 7, 1998 denying his motion to file a late brief.

**4.** Paul F. Eisinger is the appellant in the appeal designated as BAP No. NV–97–1905–RPMe.

**5.** Bob L. Olson is the appellant in the appeal designated as BAP No. NV–97–1916–RPMe.

**6.** Donald Polednak is the appellant in the appeal designated as BAP No. NV–97–1948–RPMe.

lated the automatic stay by continuing to prosecute the motion to dismiss after receiving notice of the bankruptcy filing. Eisinger and Olson filed oppositions, and Polednak filed a joinder therein.

The bankruptcy court held oral argument on the contempt motion on November 13, 1997. At the conclusion of the hearing, the court ruled that the attorneys had violated the automatic stay, and issued oral findings of fact and conclusions of law and an oral order to that effect. On January 15, 1998, the court entered a written order awarding sanctions against Eisinger, Olson, and Polednak in the amount of $1,000 each.[7] Appellants timely appeal.

## II. STANDARD OF REVIEW

■ Questions of law and statutory interpretation are reviewed *de novo*. *In re White*, 186 B.R. 700, 703 (9th Cir. BAP 1995); *In re Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994).

## III. ISSUE

Whether appellants violated the automatic stay by obtaining dismissal postpetition of a state court complaint initiated by the debtor prepetition.

## IV. DISCUSSION

Appellants contend that the bankruptcy court should not have awarded sanctions against them because applicable statutory and Ninth Circuit case law authorities recognize that the automatic stay does not apply to proceedings initiated by a debtor. We agree.

The automatic stay of § 362(a)[8] is intended to preserve the status quo and provide a debtor with a breathing spell from its credi-

tors, while simultaneously preventing creditors from racing to various courthouses to pursue independent remedies against a debtor. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir.1995), *cert. denied*, 519 U.S. 863, 117 S.Ct. 169, 136 L.Ed.2d 111 (1996). The primary purposes of § 362 do not apply, however, to offensive actions by a debtor or bankruptcy trustee, as the same policy considerations do not exist where the debtor has initiated a prepetition lawsuit against a creditor. *White*, 186 B.R. at 704. Therefore, we have clearly held that the automatic stay does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action. *Id.* at 707. *See also Merrick*, 175 B.R. at 336.

■ In *Merrick*, as in this case, the defendants filed prepetition motions for summary judgment, seeking dismissal of a lawsuit filed by the debtors in state court. Following the bankruptcy filing, the state court ruled on the motions, dismissed the lawsuit, and awarded costs against the debtors. The chapter 7 trustee filed a complaint in bankruptcy court against the defendants for willfully violating the automatic stay by continuing their postpetition efforts to dismiss the state court action. The trustee then offered to enter into a stipulation with the defendants to dismiss his complaint if they agreed to vacate the state court judgment and seek relief from the stay to re-file their summary judgment motions. All but one of the defendants eventually entered into the stipulation. The bankruptcy court imposed sanctions for violating the stay on the one defendant who refused to do so. 175 B.R. at 334–35.

We reversed, finding no authority for the proposition that the automatic stay prevents a defendant from continuing to defend

---

7. The bankruptcy court did not award sanctions against Mr. LeFebvre, who is named as an appellee herein. He did not file a brief in any of the related appeals.

8. Section 362 provides, in pertinent part:
   § 362. Automatic stay
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of—
   (1) the commencement or continuation, including the issuance or employment of pro-

cess, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title;
   . . . .
   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
   (Emphasis added.)

against a pre-bankruptcy lawsuit. *Id.* at 336. We recognized that § 362 does not prevent a trustee or a debtor from continuing to prosecute a debtor's pre-bankruptcy lawsuit, and determined that out of fairness a defendant should be allowed to defend himself from attack:

> It is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor....

> Given this freedom for the debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint. The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free reign to litigate.

*Id.* at 337–38. *Merrick* is thus directly analogous to this appeal.

The debtor cited *Dean v. TWA* in the proceedings below as the controlling authority on this issue. We disagree. *Dean* addressed the issue of whether the postpetition dismissal of a lawsuit filed prepetition by an airline pilot (Dean) against the debtor/defendant (TWA) violated the automatic stay. 72 F.3d at 755. In contrast to *Dean*, the case before us involves the postpetition dismissal of a lawsuit filed prepetition by the debt-

or/plaintiff against the defendants. Accordingly, *Dean* does not provide support for the debtor's assertion that the appellants' conduct violated the automatic stay in this case.

The debtor also asserted in the proceedings below that the automatic stay applied because the defendants had asserted counterclaims in the state court action. A counterclaim is an independent cause of action asserted under FED. R. CIV. P. 13.[9] As such, a counterclaim is an "action or proceeding against a debtor" and relief from the stay under § 362(a)(1) must be sought in order to continue its prosecution postpetition. *Merrick*, 175 B.R. at 336.

Eisinger correctly contends that the request for attorneys' fees and costs contained in his client's joinder in the motion to dismiss did not constitute a counterclaim. In addition, his client's answer to the complaint contained affirmative defenses and a request for fees and costs, but no counterclaims. In any case, the state court's order dismissing the complaint did not award any attorneys' fees or costs. The debtor's assertion regarding the effect of the stay on the purported counterclaims was without merit.

■ Olson contends that the bankruptcy court improperly denied his client's request that the debtor be sanctioned under Rule 9011 [10] for filing the contempt motion, be-

9. FED. R. CIV. P. 13 provides, in pertinent part:

**Rule 13. Counterclaim and Cross–Claim.**

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

(b) **Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

10. FED. R. BANKR. P. 9011 provides, in pertinent part:

**Rule 9011. Signing of Papers; Representations to the Court; Verification and Copies of Papers.**

. . . .

(b) **REPRESENTATIONS TO THE COURT.** By presenting to the court (whether by signing,

filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defense, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ...

. . . .

(c) **SANCTIONS.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated,

cause the motion was clearly intended to harass appellants, and was not warranted in law or fact given the applicable Ninth Circuit legal authorities. Considering that the bankruptcy court ruled in the debtor's favor on the contempt motion, Rule 9011 sanctions were not warranted.

## V. CONCLUSION

Appellants did not violate the automatic stay by obtaining dismissal postpetition of a state court action initiated by the debtor prepetition. The bankruptcy court's order awarding sanctions against appellants for violating the automatic stay is REVERSED.

the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are reasonable for the violation.