MEMORANDUM *
The appellants appeal the dismissal of their complaint, sanctions pursuant to Fed *618 eral Rule of Civil Procedure 11, and an order declaring the appellants vexatious litigants. We find that this appeal was timely filed under the rules set forth in Wallace v. Chappell, 637 F.2d 1345, 1348 (9th Cir.1981) (en banc). But we conclude that all of the appellants’ arguments are without merit.
The arguments raised by the appellants relate largely to the procedural or preliminary issues addressed separately below. Looking first to the substance of the district court’s order, we find that the dismissal based on the appellants’ non-opposition was not an abuse of discretion. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995). Sanctions pursuant to Federal Rule of Civil Procedure 11 were warranted and assessed in an appropriate amount. See Fed.R.Civ.P. 11; cf. In re Yagman, 796 F.2d 1165, 1183-85 (9th Cir.1986). The vexatious litigant declaration was also warranted and appropriate in its scope. See O’Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir.1990); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir.1990); Say & Say, Inc. v. Ebershoff, 20 Cal.App.4th 1759, 1766-67, 25 Cal.Rptr.2d 703 (1993).[1]
The appellants contend that the removal to federal court was improper. But in light of the original complaint’s allegations, which include a charge of “official corruption,” Judge Bufford’s removal under 28 U.S.C. § 1442(a)(1) was permissible. Judge Bufford stated a colorable federal defense based on judicial immunity. Moreover, there appears to be a sufficient connection between Judge Bufford’s official authority and the acts complained of such that they are acts “under color of office.” See Jefferson County, Ala. v. Acker, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999); Willingham v. Morgan, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).
To the extent that the appellees may have violated the local rules regarding meeting and conferring prior to filing a motion, we find that any such violation is excused. See Profl Programs Group v. Dep’t of Commerce, 29 F.3d 1349, 1353 (9th Cir.1994). There is no indication that any violations prejudiced the appellants. Cf. United States v. Hernandez, 251 F.3d 1247, 1251 (9th Cir.2001). Moreover, the appellants waived this issue by failing to raise it with the district court. See Int’l Olympic Comm. v. San Francisco Arts & Athletics, 781 F.2d 733, 739 (9th Cir.1986).
Mr. Stanwyck’s bankruptcy filing did not stay the proceedings as to him. While 11 U.S.C. § 362(a) stays litigation against the debtor that was or could have been brought before the bankruptcy, the stay does not apply to post-petition defensive actions in a pre-petition lawsuit brought by a debtor. See In re Way, 229 B.R. 11, 13 (9th Cir.BAP1998); In re White, 186 B.R. 700, 704 (9th Cir. BAP1995); In re Merrick, 175 B.R. 333, 336, 338 (9th Cir.BAP1994).
Mr. Stanwyck has not demonstrated that he was denied accommodations to which he was entitled under the Americans with Disabilities Act or the Rehabilitation Act. In fact, the district court delayed hearing the pending motions in response to Stanwyck’s ex parte application requesting additional time due to his medical con *619 dition. The eventual hearing date was more than 100 days after that application. The appellants never filed another request for an extension of time. During most of this time, Mr. Stanwyck was being assisted by at least one other attorney. Mr. Stan-wyck has presented no persuasive legal authority indicating that he was not afforded necessary accommodations based on his medical condition.
We reject the appellants’ argument that the United States Attorney should have been recused from representing Bankruptcy Judge Samuel Bufford. This argument was rejected by the Appellate Commissioner in an order dated July 14, 2003. To the extent that the appellants took issue with that ruling, they should have sought reconsideration by way of a motion for reconsideration before the Appellate Commissioner. See Ninth Circuit Adv. Comm. Note to Circuit Rule 27-1. In any event, the appellants have presented no compelling argument regarding why the United States Attorney should have been recused either during district court proceedings or during the proceedings before this court.
We reject the appellants’ contention that the district court judge should have recused himself. The appellants never moved to recuse the district court judge. A review of the record reveals no bias by the judge against the appellants or that the judge’s impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Further, the appellants have failed to identify any extrajudicial source from which the alleged bias stemmed, which is necessary for recusal under 28 U.S.C. § 455. Pan v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
We reject the appellants’ contention that, due to the nature of the district court order at issue, they were entitled to a jury trial. The appellants have presented no persuasive legal authority in this regard, and our research indicates that a jury trial was not required in this case. See Fed.R.Crim.P. 42(a)(3); Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir.1999); De Long, 912 F.2d at 1147; Hudson v. Moore Bus. Forms, Inc., 898 F.2d 684, 686 (9th Cir.1990); United States v. Rylander, 714 F.2d 996, 1005 (9th Cir.1983); Muller v. Tanner, 2 Cal.App.3d 445, 450-51, 82 Cal.Rptr. 738 (1969).
Finally, we reject the appellants’ contention that the district court improperly refused to consider the appellants’ motion for reconsideration. The motion for reconsideration is not properly before the panel because the ruling on that motion was not appealed. Moreover, it appears as though the district court gave due consideration to the motion for reconsideration.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts *618 of this circuit except as provided by Ninth Circuit Rule 36-3.

. Although the district court's vexatious litigant declaration may not have technically complied with all of the procedural requirements insofar as the district court did not list the case filings that supported its order, see O’Loughlin, 920 F.2d at 617, our review of the record convinces us that any error in this regard was harmless. See 28 U.S.C. § 2111; Fed.R.Civ.P. 61; De Long, 912 F.2d at 1147.