**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                              )    BAP No.   CC-16-1414-FLKu
                                    )
TIA DANIELLE SMITH,                 )    Bk. No.   2:16-bk-17692-NB
                                    )
                  Debtor.           )
_____ )
                                    )
TIA DANIELLE SMITH,                 )
                                    )
                  Appellant,        )
                                    )
v.                                  )    **MEMORANDUM**[*]
                                    )
IH4 PROPERTY WEST LP; KATHY         )
A. DOCKERY, Chapter 13              )
Trustee,                            )
                                    )
                  Appellees.        )
_____ )

Submitted Without Argument on January 25, 2018

Filed – February 1, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Neil W. Bason, Bankruptcy Judge, Presiding

_____

Appearances:    Appellant Tia Danielle Smith, pro se, on brief.

_____

Before: FARIS, LAFFERTY, and KURTZ, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

1

**INTRODUCTION**

Chapter 13[1] debtor Tia Danielle Smith obtained a state court injunction against creditor IH4 Property West LP's ("IH4") enforcement of an unlawful detainer judgment against her. After Ms. Smith filed for bankruptcy protection, IH4 moved to quash the injunction in state court. Although the state court never acted on the motion, Ms. Smith sought damages against IH4 for its alleged violation of the automatic stay.

The bankruptcy court denied Ms. Smith's motion for damages, holding that the automatic stay did not apply to the state court action because Ms. Smith was the plaintiff and the action was not "against" her. The court also ruled that IH4 did not violate the automatic stay because the bankruptcy court had granted limited stay relief to IH4 to defend itself in that state court action. Finally, the bankruptcy court held that IH4's filing of a motion that was never heard did not inflict any compensable damages on Ms. Smith.

Ms. Smith appeals. We AFFIRM.

**FACTUAL BACKGROUND**[2]

This appeal is yet another phase of Ms. Smith's extended

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We granted Ms. Smith's request that we waive the requirement that she file an appendix containing her excerpts of record. We exercise our discretion to review the documents on the bankruptcy court's electronic docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

campaign to block the foreclosure of a deed of trust on her property. The procedural history is complex, mostly because Ms. Smith is a prolific and determined litigant despite repeated and comprehensive losses, but also because her adversary, IH4, was less diligent than she.

In December 2006, Ms. Smith borrowed $556,000 secured by a deed of trust on her residence in Los Angeles. Ms. Smith defaulted in making payments under the loan a year later. After several workout and loan modification attempts failed, the trustee under the deed of trust recorded a notice of sale in May 2011. Smith v. Am. Mortg. Network, Case No. B252585, 2015 WL 2438819 (Cal. App. 2d Dist. May 21, 2015) ("Smith I").

In July 2011, Ms. Smith commenced Smith I in California superior court. Her basic argument was that the foreclosing lender failed to prove that it owned the loan and deed of trust. The superior court dismissed the action, and Ms. Smith appealed.

Ms. Smith unsuccessfully sought an injunction against the trustee's sale. In November 2011, the then-servicer of the loan bought the property in a nonjudicial foreclosure sale and recorded a trustee's deed upon sale. The servicer transferred the property to IH4 in April 2014 by quitclaim deed.

Despite her defeat in Smith I, Ms. Smith then filed another suit challenging the foreclosure in the superior court of California against IH4 and others ("Smith II"). Her position in Smith II was the same as the one the court rejected in Smith I: the foreclosing lender had not proven its ownership of the loan and deed of trust.

Shortly thereafter, IH4 filed an unlawful detainer action in

3

superior court against Ms. Smith and her tenants ("Unlawful Detainer Action"). A jury found in favor of IH4, and the superior court entered judgment ("Unlawful Detainer Judgment"). On March 4, 2015, the superior court issued a writ of possession in favor of IH4.

IH4's victory was short-lived. Ms. Smith asked the superior court in Smith II for a temporary restraining order ("TRO") staying enforcement of the Unlawful Detainer Judgment. Inexplicably, IH4 did not oppose this request, and the superior court granted it on March 17. The superior court in the Unlawful Detainer Action granted Ms. Smith's ex parte request to recall and quash the March 4 writ of possession until the court in Smith II lifted the TRO.

But then Ms. Smith suffered a series of setbacks. In May 2015, the California Court of Appeals affirmed the dismissal of Smith I.[3] In May 2016, the appellate division of the superior court affirmed the Unlawful Detainer Judgment.[4] During the same month, the superior court dismissed Smith II, based on the preclusive effect of the Smith I judgment, and vacated the TRO. IH4 submitted another application for a writ of possession in the Unlawful Detainer Action.

Undaunted, Ms. Smith fought back. On May 24, she filed in Smith II a motion to set aside the order vacating the TRO

---

[3] The United States Supreme Court later denied Ms. Smith's petition for a writ of certiorari. 136 S. Ct. 810 (2016).

[4] The California appellate court denied Ms. Smith's appeal of the Unlawful Detainer Judgment on June 20, 2016. In August 2016, the Supreme Court of California denied Ms. Smith's petition for writ of mandate.

4

("Motion to Reinstate TRO"), claiming that IH4 had failed properly to serve her with its motion to vacate the TRO.

On June 9, 2016, before the superior court acted on IH4's application for a writ of possession in the Unlawful Detainer Action or on Ms. Smith's Motion to Reinstate TRO in Smith II, Ms. Smith filed a chapter 13 petition.

On June 23, Ms. Smith filed an emergency motion in the bankruptcy court to enforce the automatic stay against IH4 and the superior court. The bankruptcy court denied that motion without prejudice. In denying Ms. Smith's request to shorten time to hear the motion, the bankruptcy court stated in part:

> (1) There is no showing of any imminent or ongoing violation of the automatic stay, either by the Los Angeles Superior Court (the "Superior Court") or by IH4 Property West LP. To the contrary, it seems from the last exhibit to the debtor's motion (dkt. 8, the "Motion") that the Superior Court has expressly recognized that the automatic stay appears to apply, presumably based on the same interpretation of In re Perl, 811 F.3d 1120 (9th Cir. 2016), as the debtor. (The debtor herself might want the Superior Court to proceed, because it seems that the debtor is the one who wants relief from orders of the Superior Court that were issued before this bankruptcy case was filed; but if that is so then **the debtor herself would need to request relief from the automatic stay for that purpose**.)

(Emphasis added.) (As we shall see, the bankruptcy court later corrected its last comment.)

On June 27, the superior court issued a writ of possession in the Unlawful Detainer Action. At this point, no party had obtained relief from the automatic stay. As a result (and as IH4 conceded), the writ was void.

On the same day, Ms. Smith filed an emergency motion for limited relief from the automatic stay. She requested that the

5

bankruptcy court lift the automatic stay to allow her to pursue various state court actions, including Smith II, but maintain the stay against IH4 and other creditors.

On June 28, the bankruptcy court granted temporary stay relief and set the matter for hearing on July 5 ("Order Granting Debtor's Motion for Stay Relief"). The court ordered, in relevant part:

> b. In Los Angeles Superior Court case no. BC553608 (the "Smith II Action"), the Superior Court is not stayed from issuing its decision with respect to the debtor's ex parte application for an order to vacate the May 17, 2016 order dissolving the March 17, 2015 order re: preliminary injunction; and **all parties in interest may file any responsive papers** . . . .

(Emphasis added.)

On June 30, Ms. Smith requested that the Smith II court issue its decision on her Motion to Reinstate TRO. Surprisingly, IH4 did not appear at the hearing on the Motion to Reinstate TRO. The superior court found that IH4 had failed to serve proper notice on Ms. Smith of the hearing on IH4's motion to vacate the TRO and issued an order reinstating the TRO ("Order Reinstating TRO").

With the TRO reestablished in Smith II, Ms. Smith filed in the bankruptcy court a second motion for relief from the automatic stay. She sought permission to attack the writ of possession in the Unlawful Detainer Action. In response, IH4 conceded that the writ of possession was void because the superior court issued it postpetition. The bankruptcy court denied the motion as to IH4 as moot, stating: "IH4 has conceded . . . that '[t]he writ of execution to which Debtor refers is of no legal effect, and IH4 acknowledges that fact[.]'"

6

On August 22, 2016, IH4 filed its own motion for relief from the automatic stay. IH4 argued (among other things) that the automatic stay did not apply to the property, because Ms. Smith had no interest in the property on the petition date. IH4 further acknowledged that the June 27 writ of possession issued postpetition was void. It represented that, once stay relief was granted, it would seek to set aside the TRO and seek a new writ of possession.

While IH4's motion for relief from the automatic stay was pending in the bankruptcy court, IH4 (represented by different counsel) filed in Smith II a motion to set aside the TRO ("Motion to Set Aside TRO"). IH4's bankruptcy counsel subsequently persuaded IH4's state court counsel to take the hearing off calendar "simply as a courtesy and to eliminate the appearance that IH4 was doing what [counsel] had said it would not do until after relief from stay was granted."

When responding to IH4's motion for relief from the automatic stay, Ms. Smith argued that IH4 had violated the automatic stay by filing the Motion to Set Aside TRO in Smith II.

The bankruptcy court granted IH4's motion for stay relief on September 15, 2016. It rejected Ms. Smith's contention that IH4 violated the automatic stay when it filed its Motion to Set Aide TRO. It stated that it had assumed "that the automatic stay applies in the various nonbankruptcy actions. But in fact it might not apply for various reasons. For example, actions **against** the debtor generally are stayed but actions **by** the debtor (including all counterclaims within that action) generally are not."

7

Shortly thereafter, Ms. Smith filed a motion for damages arising from violation of the automatic stay ("Motion for Damages"), which is the subject of this appeal. She argued that IH4 violated the automatic stay when it filed the Motion to Set Aside TRO in Smith II while IH4's motion for relief from the automatic stay was pending in the bankruptcy court.[5] She sought damages for emotional distress, a finding of contempt against IH4, and imposition of punitive damages.

The bankruptcy court denied the Motion for Damages ("Damages Order"). The bankruptcy court ruled that (1) Ms. Smith did not establish that IH4 had violated the automatic stay because the alleged violation occurred in an action commenced by the debtor; (2) IH4's Motion to Set Aside TRO was within the scope of the stay relief that the bankruptcy court had previously granted; and (3) even if IH4 violated the automatic stay, Ms. Smith did not suffer any compensable injury, because the only violation was the setting of a hearing that IH4 subsequently took off calendar.

Ms. Smith filed a motion for reconsideration of the court's Damages Order. The bankruptcy court denied the motion for reconsideration ("Reconsideration Order"), stating:

> The automatic stay in the debtor's bankruptcy case might not have applied at all (as discussed on the record and addressed in the filed papers), but to the extent it did apply it was lifted for IH4 to pursue all of its State Court remedies, including, but not limited to, either issuance of a new writ of possession (if required) or enforcement of its existing writ of possession, if the State Court chose to permit IH4 to proceed under that writ (which it

---

[5] Ms. Smith also argued that the superior court in Smith II violated the automatic stay when it denied her motion for a new trial. She has abandoned this argument on appeal.

8

might well have done, because the debtor has appeared and the State Court has held hearings, so presumably she cannot deny any longer that she has had notice of IH4's request for a writ of possession and an opportunity to be heard). If there is any wrongdoing on the part of IH4 with regard to that writ of possession, it is a matter for the State Court to address, not this Bankruptcy Court.

Ms. Smith timely filed a notice of appeal from the Damages Order and Reconsideration Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in determining that IH4 did not violate the automatic stay by filing the Motion to Set Aside TRO.

## STANDARDS OF REVIEW

We review de novo questions of law, including the bankruptcy court's determination as to whether a creditor has violated the automatic stay. Palm v. Klapperman (In re Cady), 266 B.R. 172, 178 (9th Cir. BAP 2001), aff'd, 315 F.3d 1121 (9th Cir. 2003); Advanced Ribbons & Office Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons & Office Prods., Inc.), 125 B.R. 259, 262 (9th Cir. BAP 1991) (the scope of the automatic stay under § 362(a)(6) is "a legal issue which we review de novo"). "De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014).

"A bankruptcy court's decision to deny a motion for

9

additional findings, reconsideration or an amended order or judgment is reviewed for abuse of discretion." Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. The bankruptcy court did not err in denying the Motion for Damages.**

Ms. Smith argues that IH4 violated the automatic stay when it filed the Motion to Set Aside TRO. We disagree.

Once a debtor files for bankruptcy protection, § 362(a) acts to stay certain actions against the debtor and the bankruptcy estate. The stay is broad but not unlimited. Among other things, the automatic stay bars "the commencement or continuation . . . of a judicial . . . action or proceeding **against the debtor** that was or could have been commenced before the commencement of the [bankruptcy] case . . . ." § 362(a)(1) (emphasis added).

The narrow question in this appeal is whether the automatic stay applied to Smith II such that IH4's postpetition motion violated the stay. We agree with the bankruptcy court that the stay was inapplicable.

10

**1. The automatic stay was not applicable to Smith II, which was an action initiated by a debtor.**

By its terms, § 362(a)(1) applies to an action **against** a debtor. The stay does not apply to actions commenced **by** the debtor against a third party. See Lehman Commercial Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC), 423 B.R. 655, 663 (9th Cir. BAP 2009), aff'd, 654 F.3d 868 (9th Cir. 2011) ("the automatic stay has been found inapplicable to lawsuits initiated by the debtor"); Eisinger v. Way (In re Way), 229 B.R. 11, 13 (9th Cir. BAP 1998) ("The primary purposes of § 362 do not apply, however, to offensive actions by a debtor or bankruptcy trustee, as the same policy considerations do not exist where the debtor has initiated a prepetition lawsuit against a creditor.").

In Gordon v. Whitmore (In re Merrick), 175 B.R. 333 (9th Cir. BAP 1994), we considered whether defendants violated the automatic stay by continuing to defend themselves in the state court against the debtors' prepetition fraud action, including obtaining summary judgment postpetition. We examined the language of § 362(a) and concluded that the automatic stay applied only to actions that are initiated "against" a debtor:

> It is most unlikely that a contention by a defendant that the trustee's claim is unfounded can be equated with exercising dominion or control over property of the estate. . . . Thus, **the operative subsections in the case at hand, (a)(1) and (a)(3), contemplate actions "against" the debtor and not "concerning" the debtor, which is much broader.**
>
> The automatic stay gives the debtor a breathing spell from his creditors and allows the trustee to marshall assets of the estate for the benefit of creditors. While restraint of a defendant in a suit subject to prosecution by the estate arguably could

11

contribute to an orderly processing of estate assets, **we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit.** To the contrary, there is substantial authority that **the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.**

175 B.R. at 336 (emphases added) (internal citations omitted).

We cited the Seventh Circuit's unequivocal language permitting a

defendant to defend himself against a prepetition lawsuit:

The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, In re Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982), and the automatic stay is essential to accomplishing this purpose. **There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.**

Id. at 337 (emphasis added) (quoting Martin-Trigona v. Champion

Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989)). We

concluded that "[t]he automatic stay should not tie the hands of

a defendant while the plaintiff debtor is given free rein to

litigate." Id. at 338.

In the present case, the issue is whether IH4's Motion to

Set Aside TRO filed postpetition in Smith II violated the

automatic stay. As the bankruptcy court correctly stated,

Smith II is a quiet title action that Ms. Smith instituted

against IH4. It is not an action "against" Ms. Smith or the

estate's property, so IH4's efforts to defeat Ms. Smith in that

action did not violate the automatic stay.[6] See Parker v. Bain,

---

[6] One might argue that IH4's goal was to evict Ms. Smith from the property, and that any step it took toward that objective (such as its Motion to Set Aside TRO) was an "act to obtain possession of property of the estate" under § 362(a)(3).

(continued...)

12

68 F.3d 1131, 1135-36 (9th Cir. 1995) (the automatic stay applies only to actions "originally brought" against the debtor); In re Merrick, 175 B.R. at 336.

Ms. Smith argues that the bankruptcy court, the superior court, and IH4 acknowledged that the automatic stay applied in Smith II and that she relied on those representations. It is true that IH4 initially conceded – incorrectly – that the stay applied to Smith II, and that the bankruptcy court suggested the same. Similarly, the superior court suspended the hearing on Ms. Smith's May 2016 Motion to Reinstate TRO in Smith II when Ms. Smith filed her chapter 13 petition, implying that the automatic stay applied. But the automatic stay is a creature of statute. A party's incorrect statements, a state court's decisions,[7] or a bankruptcy court's tentative views[8] cannot expand its scope.

---

[6](...continued)
But because the foreclosure had been completed prepetition, the estate had no ownership interest in the Property.

[7] A state court's erroneous interpretation of the automatic stay is void. "Any state court modification of the automatic stay would constitute an unauthorized infringement upon the bankruptcy court's jurisdiction to enforce the stay." Gruntz v. Cty. of L.A. (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000). Thus, the superior court's belief as to whether the automatic stay prevented it from ruling on matters in Smith II is not dispositive.

[8] The bankruptcy court clarified (in its order granting IH4's motion for stay relief and the Damages Order) that the automatic stay may not have applied at all and that it was only assuming – without deciding - that the automatic stay applied to Smith II. The bankruptcy court never unequivocally ruled that the automatic stay applied to Smith II, and the court was free to clarify any ambiguity in its comments in subsequent rulings.

13

### 2. Alternatively, the Motion to Set Aside TRO fell within the court's grant of limited stay relief.

The bankruptcy court ruled that, even if the automatic stay applied to Smith II, IH4's Motion to Set Aside TRO was within the scope of the stay relief that the bankruptcy court had granted in the Order Granting Debtor's Motion for Stay Relief. We find no abuse of discretion.

In its Order Granting Debtor's Motion for Stay Relief, the bankruptcy court ruled that the superior court could decide Ms. Smith's Motion to Reinstate TRO and explicitly stated that "all parties in interest may file any responsive papers . . . ." The bankruptcy court ruled that the Motion to Set Aside TRO was a "responsive paper." It stated that the motion "directly responds to the debtor's ex parte application and is certainly a 'responsive pleading' [sic] addressed by this court's order granting relief from stay . . . ."

On appeal, Ms. Smith argues that the Motion to Set Aside TRO was not "responsive" within the meaning of the bankruptcy court's order. But the bankruptcy court had the power to interpret and clarify its own orders. See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1289 (9th Cir. 2013) (noting that "it is well recognized that a bankruptcy court has the power to interpret and enforce its own orders"); Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906 (9th Cir. BAP 2013) ("We accord substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced it amounts to an abuse of discretion." (citing In re Marciano, 459 B.R. at 35)). The

14

bankruptcy court accurately observed that IH4's motion contested the substance of Ms. Smith's attempt to reinstate the TRO. We hold that the bankruptcy court did not abuse its discretion in clarifying that stay relief applied to the Motion to Set Aside TRO.

**3.    We need not reach the issue of Ms. Smith's damages.**

Ms. Smith requested that the bankruptcy court sanction IH4 and award her damages for the physical and emotional distress that she suffered. As we explain above, IH4 did not violate the automatic stay, so we need not consider whether the bankruptcy court erred in denying Ms. Smith's request for damages.

**B.    The bankruptcy court did not abuse its discretion in denying the motion for reconsideration.**

Ms. Smith also appeals from the Reconsideration Order. The bankruptcy court held that Ms. Smith did not offer any newly discovered evidence and that the issues presented were matters better determined by the state court. We agree.

We examine Ms. Smith's arguments under Civil Rule 59, made applicable in bankruptcy through Rule 9023. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ("A 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [fourteen] days of entry of judgment. Otherwise, it is treated as a [Civil] Rule 60(b) motion for relief from a judgment or order." (citation

omitted)).[9] "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

The motion for reconsideration largely focused on IH4's alleged bad faith (as argued in a motion to dismiss that is not the subject of this appeal), and not on the alleged automatic stay violations. The only argument even tangentially related to the automatic stay is Ms. Smith's contention that the Los Angeles Sheriff's Department served her with a notice to vacate the Property based on the writ of possession that the superior court issued postpetition in violation of the automatic stay. But Ms. Smith fails to address the bankruptcy court's reasoning in the Damages Order. Moreover, as the bankruptcy court held in its Reconsideration Order, her contention that the writ of possession was invalid is an issue for the superior court, not the bankruptcy court.[10] Accordingly, the bankruptcy court did not

---

[9] The bankruptcy court issued the Damages Order on October 17, 2016, and Ms. Smith filed the motion for reconsideration on October 28 and her supplemental brief on November 7.

[10] Ms. Smith implies that the Sheriff's Department violated the automatic stay. She is wrong. First, the automatic stay was not in effect when the Sheriff's Department served Ms. Smith with the notice to vacate on November 1, 2016. Second, the service of the notice to vacate on November 1 cannot retroactively turn the August 30 Motion to Set Aside TRO into a stay violation.

16

abuse its discretion in denying the motion for reconsideration.

## CONCLUSION

The bankruptcy court did not err.  We AFFIRM both the Damages Order and the Reconsideration Order.