NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-18-1008-LSF |
| DARRYL M. JONES, | Bk. No. 2:17-bk-21533-WB |
| Debtor. | |
| DARRYL M. JONES, | |
| Appellant, | |
| v. | MEMORANDUM* |
| SORAYA MACHADO-POWELL, Agent to Carrington Mortgage; DAVID JUDD, Agent for Realhome Services and Solutions, Inc.; TREVON HALL, Agent for Realhome Services and Solutions, Inc.; ALTISOURCE REALTORS; REALHOME SERVICES, INC., | |
| Appellees. | |

Submitted Without Argument on September 27, 2018

Filed – October 10, 2018

---

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Julia Wagner Brand, Bankruptcy Judge, Presiding

———————

Appearances:    Darryl M. Jones, Appellant, pro se on brief; Nichole
Glowin of Wright, Finlay & Zak, LLP on brief for
Appellees.

———————

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Darryl M. Jones appeals the bankruptcy court's order denying his emergency motion for damages for violation of the automatic stay. The bankruptcy court denied the motion because it found that Mr. Jones did not have any interest in the real property at issue when he filed his chapter 13[1] bankruptcy petition. Accordingly, that property was not subject to the automatic stay, and Appellees could not be held liable for damages under § 362(k).

We AFFIRM.

———————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

Mr. Jones claims an interest in real property located on Bradna Drive in Los Angeles (the "Property"). Mr. Jones filed a chapter 13 petition on September 20, 2017, listing the Property on Schedule A. In November 2017, he filed an emergency motion for damages (the "Motion") against Appellees, alleging willful violation of the automatic stay and seeking compensatory, punitive, and emotional distress damages under § 362(k).

In the Motion, Mr. Jones alleged that Appellees had, postpetition and with knowledge of the stay, "illegally removed all debtor cash and personal property" from the Property, changed the locks, and evicted the occupants. Mr. Jones also alleged that Appellees had held an open house on the Property to show it to prospective buyers and had posted a notice on the Property that Mr. Jones would be arrested if he came onto the Property. The Motion was not supported by a declaration, and none of the documents attached to the Motion showed that Mr. Jones held any interest in the Property as of the petition date.

Appellees David Judd, as agent for RealHome Services and Solutions, Inc., and Trevon Hall, as agent for Realhome Services and Solutions, Inc., and Realhome Services, Inc., (collectively, "Realhome") jointly filed an opposition to the Motion. In its opposition, Realhome contended that Mr. Jones had no interest in the Property as of the petition date. Realhome attached several documents to its opposition, including:

3

- Quitclaim Deed recorded August 24, 2010, conveying Stacia Trimmer's interest in the Property to Mr. Jones;

- Trustee's Deed Upon Sale recorded April 7, 2011 transferring title to the Property to U.S. Bank, National Association, Trustee for SerVertis Fund Trust 2009-2 Grant Trust Certificates, Series 2009-2 ("USB-1");

- Grant Deed recorded February 29, 2012 from USB-1 to U.S. Bank, N.A., as Trustee for SerVertis REO Pass-Through Trust I ("USB-2 ");

- Complaint for Unlawful Detainer (No. 12U01031) dated March 20, 2012, filed by USB-2 in the Superior Court of California, County of Los Angeles against Ms. Trimmer and Mr. Jones;

- Quitclaim Deed recorded December 20, 2013 from USB-2 to Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, Not in Its Individual Capacity but as Trustee of ARLP Trust 2 ("Christiana");

- Judgment After Jury Trial entered August 12, 2014, in the unlawful detainer action against Ms. Trimmer and Mr. Jones, granting Christiana possession of the Property and awarding damages;

- Civil Minutes dated June 5, 2017 ("Civil Minutes") entered in U.S. District Court for the Central District of California Case

4

No. CV 16-6919-DMG; and

- Judgment of Dismissal with Prejudice dated June 15, 2017, entered in District Court Case No. CV 16-6919, dismissing Mr. Jones' Third Amended Complaint against Christiana.

With these documents as backup, Realhome described the sequence of events affecting title to the Property. Specifically, Mr. Jones obtained an interest in the Property via the quitclaim deed executed by Ms. Trimmer and recorded August 24, 2010. Ms. Trimmer was the obligor under a note secured by a deed of trust encumbering the Property. In April 2011, the Property was purchased at a nonjudicial foreclosure sale by USB-1. In February 2012, USB-1 transferred title to the Property to USB-2. In March 2012, USB-2 filed an unlawful detainer action in the Superior Court for Los Angeles County against Ms. Trimmer, Mr. Jones, and all other occupants of the Property. During the pendency of the unlawful detainer action, USB-2 recorded a quitclaim deed transferring title to the Property to Christiana. Christiana thereafter prosecuted the unlawful detainer action and, after a jury trial, obtained a judgment against Ms. Trimmer and Mr. Jones declaring that Christiana was entitled to immediate possession of the Property and awarding damages.

In the meantime, Mr. Jones filed several unsuccessful lawsuits challenging the foreclosure and seeking a determination that he was the rightful owner of the Property. After the completion of Mr. Jones' fifth

5

lawsuit, in June 2016, Christiana obtained a writ of possession to complete the eviction and regain possession of the Property. In September 2016, the Los Angeles County Sheriff's Department executed and completed a lockout, removing all occupants from the Property. After the eviction, Mr. Jones broke into the Property, necessitating a second lockout to secure the Property.

Mr. Jones thereafter filed a sixth lawsuit in the U.S. District Court for the Central District of California, again challenging the foreclosure and alleging that he was the rightful owner of the Property. In June 2017, the District Court granted Christiana's motion to dismiss the lawsuit, finding that Mr. Jones had no interest in the Property.[2] During the pendency of the

---

[2]According to the Civil Minutes, the court dismissed Mr. Jones' quiet title claim because he had not alleged facts plausibly to show that he was the rightful owner of the Property, and judicially noticed documents showed that he lacked an interest in the Property. Specifically, the documents showed that in 2015, Mr. Jones transferred whatever interest he may have had in the Property to the Mathews Family Trust 2014; and to the extent Mr. Jones' interest in the Property arose in 2010 by way of quitclaim deed from Ms. Trimmer, that interest was subject to the Trimmer deed of trust and was extinguished in the April 1, 2011 trustee's sale.

The District Court also noted in its Civil Minutes that (1) in 2010, after recording the quitclaim deed that conveyed the Property to him, Mr. Jones filed a chapter 7 proceeding to stop the foreclosure of the Property; the bankruptcy court granted relief from stay, finding that the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors using multiple transfers of the Property and multiple bankruptcies; and (2) in a 2012 state court lawsuit, Mr. Jones and Ms. Trimmer were deemed vexatious litigants and were barred from filing any new litigation in California state courts related to wrongful foreclosure and related causes of action without leave of

(continued...)

District Court lawsuit, Mr. Jones was provided with a Notice of Right to Reclaim Abandoned Personal Property, informing him he had 18 days to reclaim and remove his personal property from the Property or it would be sold. Mr. Jones did not respond to the notice, and his personal property was sold at auction in May 2017. Thereafter, Christiana contracted with Appellees to aid in resale of the Property.

Mr. Jones filed an untimely reply, pointing out that in 2015 he had transferred his interest in the Property to the Mathews Family Living Trust 2014. He also alleged that any interest U.S. Bank had in the Property was extinguished in a wrongful foreclosure lawsuit he filed in December 2013 because the court had entered a default against U.S. Bank on February 4, 2014. Mr. Jones attached to his reply copies of the relevant grant deed and the default entered February 4, 2014 in the 2013 state court lawsuit.[3] The bankruptcy court disregarded the reply as untimely.

At the December 7, 2017 hearing on the Motion, Mr. Jones referenced the default he had obtained against U.S. Bank and alleged that U.S. Bank had thereafter tried to fraudulently convey the Property. He then

---

[2](...continued)
court.

[3]According to the Civil Minutes, that 2013 lawsuit was against U.S. Bank, National Association–not USB-2, the entity that then owned the Trimmer deed of trust–and although Mr. Jones obtained entry of default, there was no evidence that a default judgment was ever entered.

"proclaimed" and stated "under penalty of perjury" to be the owner of the Property. After hearing argument, the bankruptcy court denied the Motion, finding that (I) once the foreclosure had occurred and an unlawful detainer judgment entered, under California law Mr. Jones no longer had any interest in the Property, citing *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120 (9th Cir. 2016); (ii) the bankruptcy court could not revisit the matters decided in state court or district court in which a final judgment had been entered–in particular, the finding of the federal district court that Mr. Jones had no interest in the Property; (iii) the recorded deeds indicated that Mr. Jones had no interest in the Property; and (iv) Mr. Jones had provided no evidence regarding the allegedly improper removal of the personal property.

Mr. Jones' chapter 13 case was dismissed on December 28, 2017 for his failure to cure his plan payment delinquency.[4] On the same date, the bankruptcy court entered its order denying the Motion; Mr. Jones timely appealed.

---

[4]Mr. Jones filed a new chapter 13 case on September 21, 2018. The automatic stay in the new case is not implicated, however, because the Motion was initiated by Mr. Jones. *See Eisinger v. Way (In re Way)*, 229 B.R. 11, 13-14 (9th Cir. BAP 1998) (automatic stay does not prevent a debtor or trustee from continuing to prosecute a prepetition lawsuit, nor does it prevent a defendant from defending itself in such a lawsuit).

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in determining that the Property was not property of the estate as of the petition date?

**STANDARD OF REVIEW**

Whether property is property of the estate is a question of law reviewed de novo, *Fursman v. Ulrich (In re First Protection, Inc.)*, 440 B.R. 821, 826 (9th Cir. BAP 2016), as is whether the automatic stay provisions of § 362(a) have been violated. *In re Perl*, 811 F.3d at 1124.

**DISCUSSION**

The bankruptcy court's ruling was based primarily on the fact that Mr. Jones had provided no evidence to show that he had an interest in the Property as of the petition date. The documents submitted with Realhome's opposition supported this conclusion. The Trustee's Deed Upon Sale recorded April 7, 2011 transferred title to the Property to USB-1 and extinguished any interest Mr. Jones may have had. *See id.* at 1128. And the Judgment After Jury Trial entered August 12, 2014 in the unlawful detainer action extinguished any possessory interest Mr. Jones may have had. *See id.* at 1130.

The bankruptcy court also correctly found that it could not look

9

behind any of the state or federal court final judgments, to the extent Mr. Jones was alleging that those judgments were entered erroneously. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine is applicable only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior federal court action); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (federal courts are bound by 28 U.S.C. § 1738 to give full faith and credit to state court judgments); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (*Rooker-Feldman* doctrine bars bankruptcy court from reviewing a state court's final decision) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).

On appeal, Mr. Jones merely repeats the arguments and requests for relief he made in the bankruptcy court. In fact, his opening brief is virtually identical to the Motion. He does not explain how he believes the bankruptcy court erred, factually or legally, in denying the Motion. In his Rule 8009 statement of issues, he listed twenty issues on appeal, most of which are a variation on the theme that the bankruptcy court erred in

denying his Motion because he had an interest in the Property on the petition date, purportedly based on the default he obtained against U.S. Bank in 2014, which he alleged rendered fraudulent any subsequent conveyances of the Property. But he points to no evidence in the record to support his allegations.

Mr. Jones' other purported issues on appeal are that the bankruptcy court erred by (1) allowing Appellees to relitigate foreclosure, alleging that Christiana has unclean hands and the "foreclosure instruments" are fraudulent or void; (2) allowing Appellees to commit conspiracy to defraud Mr. Jones; (3) denying Mr. Jones due process to cross-examine Appellees; and (4) denying the Motion as to all respondents when Altisource Realtors, Soraya Machado-Powell, and Carrington Mortgage did not file a response or appear at the hearing on the Motion. None of these assertions point to any error on the part of the bankruptcy court. Mr. Jones provided no evidence to support his assertion that Christiana had unclean hands, that the foreclosure was fraudulent or void, or that Appellees had conspired to defraud him. Mr. Jones did not request an evidentiary hearing or otherwise ask the court to permit him to examine any witnesses. Finally, Mr. Jones points to no authority that a court must enter an order adverse to a party who does not respond or appear when the moving party has provided insufficient evidence or legal authority supporting the requested relief.

In short, Mr. Jones has failed to show that the bankruptcy court erred

in concluding that the automatic stay did not apply to the Property.

## CONCLUSION

For these reasons, we AFFIRM.